# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2011

No. 10-20871

Lyle W. Cayce
Clerk

EDWARD HALL; CHARLES HENDERSON; BRENDA BENNETT,

Plaintiffs - Appellants

v.

EL DORADO CHEMICAL COMPANY, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2528

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Edward Hall, et al. (Hall), contest this action against El Dorado Chemical Company, Inc., being dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state claim).

In 2009, a fire at El Dorado's fertilizer factory in Brazos County, Texas, destroyed a warehouse containing chemicals. The fire created a smoke plume containing toxic and hazardous materials.  The fire and the plume are alleged to have been caused by negligence. As a result of the plume, county officials

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20871

evacuated more than 20,000 residents, forcing businesses to close and individuals to leave their homes.

Under theories of negligence, *res ipsa loquitur*, and nuisance, Hall filed this putative class action for compensatory and exemplary damages claimed to have been caused by the plume and resulting evacuation. Hall did not claim personal injury or physical property damage. The district court referred this action to a magistrate judge for a report and recommendation. El Dorado moved under Rule 12(b)(6) for dismissal for failure to state a claim upon which relief could be granted.

The magistrate judge recommended, *inter alia*, dismissal for the following reasons: *res ipsa loquitur* is not a cognizable claim; absent physical harm to property, negligence and negligently-caused-nuisance claims must fail; and exemplary damages are not recoverable without an underlying tort. *Edward Hall, et al. v. El Dorado Chemical Co.*, No. 4:09-CV-2528, Memorandum and Recommendation at 6, 17 (S.D. Tex. 26 Oct. 2010). In doing so, one of the Texas state-court opinions relied upon by the magistrate judge was *City of Alton v. Sharyland Water Supply Corp.*, 277 S.W.3d 132, 152 (Tex. App. 2009), *aff'd in part, rev'd in part*, No. 09-0223, 2011 WL 5042023 (Tex. 21 Oct. 2011). Following objections being filed against the memorandum and recommendation, the district court adopted it. *Edward Hall, et al. v. El Dorado Chemical Co.*, No. 4:09-CV-2528, Order Adopting Memorandum and Recommendation at 1 (S.D. Tex. 30 Nov. 2010).

Hall contends the district court erred by: relying on statements by counsel from the class-certification hearing when deciding the Rule 12(b)(6) motion; classifying damages for "annoyance and discomfiture" as mental-anguish damages, rather than property damages; concluding physical destruction of property was required for negligence and nuisance claims under Texas law; and concluding no underlying tort existed to support exemplary damages. El Dorado

No. 10-20871

responds, *inter alia*, that the district court:  did not improperly rely on matters outside of the complaint in granting the motion; correctly concluded actionable negligence requires physical harm to property; and correctly concluded a nuisance claim requires actionable negligence.

As reflected above, the Texas intermediate appellate court decision in *Sharyland* has recently been partially reversed by the Texas Supreme Court. It did so approximately two weeks after oral argument here.  Accordingly, this court directed the parties to file supplemental letter briefs on the effect *vel non* on this action by the Texas Supreme Court's opinion.

Having considered the recent Texas Supreme Court opinion in *Sharyland* and the parties' supplemental briefs, the judgment is VACATED and this matter is REMANDED for reconsideration in the light of *City of Alton v. Sharyland Water Supply Co.*, No. 09-0223, 2011 WL 5042023 (Tex. 21 Oct. 2011), to include such further filings and proceedings as the district court deems appropriate.